**IMPORTANT NOTICE**: Courtesy copies of documents you file should **NOT** be provided to any judge. All communications with the court SHALL **ONLY** be through documents filed with the Clerk of Court.

UNITED STATES DISTRICT COURT

WESTERN DISTRICT OF LOUISIANA

ALEXANDRIA DIVISION

DON CARLOS WILLIS             CIVIL ACTION
          Plaintiff                SECTION "P"
                                      NO. 09-cv-1711

VERSUS

WINN CORRECTIONAL CENTER, et al.,    JUDGE DEE D. DRELL
          Defendants            MAGISTRATE JUDGE JAMES D. KIRK

### REPORT AND RECOMMENDATION

Before the court is a civil rights complaint filed pursuant to 42 U.S.C. §1983, in forma pauperis ("IFP"), by pro se plaintiff, Don Carlos Willis ("Willis"), on October 13, 2009 (Doc. Item 4). Willis is an inmate in the custody of Louisiana's Department of Public Safety and Corrections and is incarcerated at Winn Correctional Center ("WCC") in Winnfield, Louisiana. He names WCC, Warden Timothy Wilkinson, Nurse Hamilton, Dr. Pacheco and Nurse Gatskill as defendants and contends he is not receiving proper medical treatment for his diabetes, high blood pressure, heart condition and/or degenerative back problems.

On May 19, 2010, Willis filed his second motion for injunctive relief (R. 27). In it, he alleged that he did not receive proper medical treatment for either a cut on his head or chest pain and he was denied his medications. On June 11, 2010, defendants filed an

opposition to Willis' motion (R. 28).

The motion and opposition are currently before the undersigned for report and recommendation.

Injunctive Relief

Rule 65 of the Federal Rules of Civil Procedure provides, in pertinent part:

> (b) A temporary restraining order may be granted without written or oral notice to the adverse party or that party's attorney only if (1) it clearly appears from specific facts shown by affidavit or by the verified complaint that immediate and irreparable injury, loss or damage will result to the applicant before the adverse party or that party's attorney can be heard in opposition, and (2) the applicant's attorney certifies to the court in writing the efforts, if any, which have been made to give the notice and the reasons supporting the claim that notice should not be required.

In order for Willis to obtain a preliminary injunction, he must show: (1) a substantial likelihood that his cause will succeed on the merits, (2) a substantial threat of irreparable injury if the injunction is not granted, (3) that the threatened injury outweighs the threatened harm the injunction may do to the opposing party, and (4) that the court granting the injunction will not disserve the public interest. Lake Charles Diesel, Inc. v. General Motors Corp., 328 F.3d 192, 196-197 (5th Cir. 2003), citing Canal Auth. v. Callaway, 489 F.2d 567, 572 (5th Cir. 1974); Lakedreams v. Taylor, 932 F.2d 1103, 1107 (5th Cir. 1991), citing Allied Marketing Group, Inc. v. CDL Marketing, Inc., 878 F.2d 806, 809 (5th Cir. 1989).

Willis contends that he was not provided Vicodin and Klonipin

as prescribed by Dr. Dugan or Soma as prescribed by Dr. Craig. However, Willis fails to note the date(s) he was not provided his medications and he does not contend the failure to provide the medication is ongoing or has resulted in any injury.[1]

Willis further argues that he sustained a cut on his head when he fell and hit his head on his locker in March of 2010.   He complains the wound was not properly treated and could have become infected, but there is no allegation of nor any evidence of any infection or other injury.   Further, Willis allowed two months to pass before he raised the alleged wrongdoing.   Finally, the complaint amounts to nothing more than a disagreement regarding medical treatment received and does not state a claim for Eighth Amendment indifference to medical needs.   Norton v. Dimazana, 122 F.3d 286, 291 (5th Cir. 1997).

Willis claims he was not taken to the hospital and was left in lockdown to suffer; however, he fails to assert what circumstances warranted a hospital visit or what injury resulted.   In fact, he acknowledges he received treatment for the laceration.   Again, disagreement with the type of medical attention received does not state a cause of action for indifference to medical needs.

Another assertion by Willis is that he was not treated for

---

[1] Defendants attach three exhibits to their opposition: type written notes and medical records from Louisiana State University Health Sciences Center ("LSUHSC").   None of the exhibits was relied upon in rendering this report and recommendation as the medical records from LSUHSC are not certified and the type written notes do not bear the name or signature of the purported preparer, Dr. Cleveland, and is not in proper affidavit form.

chest pain the following Sunday.   Defendants argue that he was treated pursuant to the general protocol for chest pain. Regardless of what treatment was administered, without more, Willis' complaint does not rise to the level necessary to warrant injunctive relief.   He does not allege that he continues to suffer from chest pain, that he has had any further episodes and/or that the defendants continue to refuse treatment.

Finally, Willis complains there are no slip proof mats in the shower.   There are no other allegations accompanying this statement.   Nothing about the statement warrants injunctive relief and on its face, it does not appear to be a valid cause of action.

Accordingly, Willis fails to meet the requirements set forth above.   He has not alleged any facts to show that immediate and irreparable injury, loss, or damage will result to him before the adverse parties can be heard in opposition, nor has he alleged any specific facts that show there is a substantial threat of irreparable injury to him if his requested injunction is not granted.

## Conclusion

Based on the foregoing discussion, IT IS RECOMMENDED that Willis' motion for preliminary injunction be DENIED.

Under the provisions of 28 U.S.C. §636(b)(1)(c) and Fed.R.Civ.P. 72(b), the parties have **fourteen (14) business days** from the service of this Report and Recommendation to file specific, written objections with the Clerk of Court.   No other

briefs or responses (such as supplemental objections, reply briefs etc.) may be filed.  A party may respond to another party's objections with **fourteen (14) days** after being served with a copy thereof.  A courtesy copy of any objection or response or request for extension of time shall be furnished to the District Judge at the time of filing.  Timely objections will be considered by the district judge before he makes a final ruling.  **A PARTY'S FAILURE TO FILE WRITTEN OBJECTIONS TO THE PROPOSED FINDINGS, CONCLUSIONS AND RECOMMENDATIONS CONTAINED IN THIS REPORT WITHIN TEN (10) BUSINESS DAYS FROM THE DATE OF ITS SERVICE SHALL BAR AN AGGRIEVED PARTY, EXCEPT ON THE GROUNDS OF PLAIN ERROR, FROM ATTACKING ON APPEAL THE UNOBJECTED-TO PROPOSED FACTUAL FINDINGS AND LEGAL CONCLUSIONS ACCEPTED BY THE DISTRICT JUDGE.**

THUS DONE AND SIGNED at Alexandria, Louisiana on this 23rd day of July, 2010.

JAMES D. KIRK
UNITED STATES MAGISTRATE JUDGE